```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JERRY ADAMS and
RALEIGH MASON,

    Plaintiffs,

v.                                    Civil Action No. 5:07CV30
                                                (STAMP)
CITY OF WELLSBURG and
WAYNE CAMPBELL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

I.  Procedural History

Plaintiffs Jerry Adams ("Adams") and Raleigh Mason ("Mason") commenced this civil rights action against the City of Wellsburg and its mayor, Wayne Campbell ("City defendants") pursuant to 42 U.S.C. §§ 1983 and 1988. The plaintiffs allege that the defendants have an unwritten policy for regulating the content of speech at Wellsburg City Council meetings that is both generally unconstitutional and unconstitutional as applied to them individually. The plaintiffs contend that the defendants violated the First and Fourteenth Amendments to the United States Constitution and Article III, Section 7 of the West Virginia Constitution by preventing or limiting the ability of the plaintiffs and the public to speak at city council meetings. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to which the plaintiffs responded in

opposition and the defendants replied. Thereafter, the plaintiffs filed a motion for partial summary judgment. To date, no response has been filed to the partial summary judgment motion. For the reasons set forth below, the defendants' motion to dismiss is granted as to plaintiff Mason and is denied as to plaintiff Adams. This Court defers ruling on the motion for partial summary judgment until a later date.

## II. Facts

In their complaint, the plaintiffs contend that the City defendants have an unwritten policy of regulating the content of public speech at city council meetings. The plaintiffs allege that such policy is designed to prohibit speech at city council meetings that is critical of the defendants' administration of city affairs. The plaintiffs each point to an instance in which their speech before the city council was either prohibited or limited, allegedly in violation of their constitutional rights.

First, plaintiff Adams alleges that on December 13, 2005, Mayor Campbell had Adams removed from a city council meeting based upon the content of his speech concerning the proposed sale of the Wellsburg swimming pool property. Second, plaintiff Mason alleges that on October 10, 2006, he was prevented from speaking at the council meeting on the topic of "freedom." As relief, the plaintiffs ask this Court to declare unconstitutional the city council's alleged unwritten policy of regulating public speech

based on the defendants' approval of its contents.  The plaintiffs also seek an injunction against the City defendants preventing them from enforcing such policy and damages for the alleged violations of the plaintiffs' individual constitutional rights.

III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true.  See Erikson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007 )); Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).  The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (3d ed. 2007).

A Rule 12(b)(6) motion must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of

Civil Procedure 8(a). Id. § 1357, at 304, 310. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in limited circumstances. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). A dismissal under Rule 12(b)(6) is granted only in cases in which the facts as alleged in the complaint clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief under the law. 5A Wright & Miller, supra § 1357, at 344-45.

## IV. Discussion

First Amendment jurisprudence recognizes three different types of locations where speech may take place: traditional public fora, non-public fora, and limited (or designated) public fora. Warren v. Fairfax County, 196 F.3d 186, 190-91 (4th Cir. 1999)(citing Ark. Educ. Television Comm'n v. Forbes, 523 U.S. 666, 677 (1998)). A limited public forum is one that is not traditionally public, but the government has purposefully opened it to the public, or some segment of the public, for expressive activity. Id. at 193. Generally, city council meetings are considered limited public fora, access to which may be restricted, without violating the First Amendment, by content-neutral conditions regarding the time,

place and manner of speech. See Rowe v. City of Cocoa, 358 F.3d 800, 802-03 (11th Cir. 2004)(city council meetings are limited public fora); Jocham v. Tuscola County, 239 F. Supp. 2d 714, 728 (E.D. Mich. 2003)("a city council meeting is the quintessential limited public forum"). Such content-neutral restrictions are permissible if they are "drawn with narrow specificity and are no more restrictive than necessary" to serve the governmental interest promoted by the restrictions. Hickory Fire Fighters Ass'n v. City of Hickory, 656 F.2d 917, 923 (4th Cir. 1981).

In this case, the Wellsburg City Council, pursuant to Article 121, the ordinance that governs the council, utilizes the following procedures concerning public requests and comments:

> The Mayor and the City Council of Wellsburg, in accord with the provisions of this Section, seek to run orderly meetings pursuant to the general rules of order as prescribed by Roberts (sic) Rules[1] . . . . To that end, all public comment, whether or not such be in the form of public requests, shall be limited to approximately two (2) minutes[2] or less per person. It is appropriate for the mayor, as chairman of the meeting, to remind those addressing the body of these rules and time limitations and it is within the Mayor's discretion to further permit extended time frames for comment as necessary.

---

[1] It is unclear from the ordinance or from the briefs of the parties what version of Robert's Rules of Order the Wellsburg City Council utilizes.

[2] For the purpose of plaintiff Adams's as-applied claim, the parties agree that the relevant time limitation applicable to him was five minutes.

5

Article 121.04.[3] The City defendants require each person desiring to speak at a city council meeting to sign a roster, prior to the meeting, indicating their name and the subject matter of their proposed speech. During the time relevant to the plaintiffs' complaint, members of the public were allotted five minutes to make their comments. Despite the existence of these procedures providing for public comment, the plaintiffs contend that the defendants have an unwritten policy[4] of regulating speech on the basis of viewpoint. In their motion to dismiss, the defendants do not specifically address the plaintiffs' general challenge to the defendants' alleged unwritten policy of restricting public speech of which they disapprove; rather, the defendants focus on the plaintiffs' as-applied claims. Taking the facts alleged in the

---

[3]This article was not adopted until March 2006, before the individual violation about which Mason complains, but after the violation about which Adams complains. Nonetheless, this article is applicable to both plaintiff's as-applied claims because the amendment provides that "[p]rior to the adoption of this amendment to the Ordinance, the proposed amendment has been in practice during open public meetings of City Council." Article 121.04, Section 4.

[4]Unwritten policies or procedures can violate the First Amendment the same as written policies or procedures. See Faustin v. City and County of Denver, 423 F.3d 1192, 1196 (10th Cir. 2005) (citing Wells v. City and County of Denver, 257 F.3d 1132, 1150 (10th Cir. 2001); Hawkins v. City and County of Denver,, 170 F.3d 1281, 1284 n.2 (10th Cir. 1999)(describing unwritten portion of policy and stating, "The First Amendment applies not only to legislative enactments, but also to less formal government acts, such as city policies.")).

complaint as true, the plaintiffs' challenge to the city council's alleged unwritten policy survives the defendants' motion to dismiss.

Next, this Court considers Mason and Adams's challenges to the city council's procedures as applied to them. Mason complains that his constitutional right to freedom of speech was violated when, by vote of its members, the city council prohibited Mason from speaking at a council meeting on the issue of "freedom." Mason, however, has failed to show that the City defendants abridged his freedom of speech within the meaning of the First Amendment.

Courts have consistently held that public bodies, such as the instant city council, may specify the subject matters open for discussion at a particular meeting. See Parents, Alumni, and Friends of Taylor School v. City of Norfolk, 37 F. Supp. 2d 435, 446-47 (E.D. Va. 1999); Jones v. Heyman, 888 F.2d 1328, 1331 (11th Cir. 1989) (finding that a governmental body has a significant interest in maintaining orderly conduct at its meetings); DeGrassi v. City of Glendora, 207 F.3d 636, 645-46 (9th Cir. 2000) (finding city councils "may confine their meetings to specified subject matter . . . as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view"); City of Madison v. Wisconsin Employment Relations Committee, 429 U.S. 167, 180 (Stewart, J., concurring) (stating that a governmental body should not be

restricted "in trying to best serve its informational needs while rationing its time"). Indeed, the ability of city councils to restrict the topic of public speech to matters relevant to the council's agenda promotes a significant governmental interest in conducting orderly, efficient meetings. See City of Madison, 429 U.S. at 175 n.8 ("plainly, public bodies may confine their meetings to specified subject matter"). Because the general topic of "freedom" is clearly not a matter of city business, the City defendants did not violate Mason's rights under the federal or state constitutions when they prohibited him from expressing his views on the topic within the limited public forum of a Wellsburg City Council meeting. Accordingly, the defendants' motion to dismiss must be granted as to plaintiff Mason's as-applied claim.[5]

The defendants' motion to dismiss, however, must be denied as to plaintiff Adams. Unlike Mason, Adams wanted to speak at the council meeting regarding a matter related to city business-- the sale of the Wellsburg swimming pool property. The city council allowed Adams to speak, but then cut his comments short. The defendants argue that it is within the province of a city council to restrict the length of comments and to ask public speakers to

---

[5]To the extent that Mason challenges the general constitutionality of the city council's alleged unwritten policy, assuming that Mason has standing to do so, such claim survives the defendants' motion to dismiss. The parties have not addressed the plaintiffs' standing to challenge the unwritten policy and this Court makes no ruling today regarding such standing.

8

sit down when their comments become repetitive or disruptive. This argument is insufficient to warrant a Rule 12(b)(6) dismissal. Accepting the facts alleged in the complaint as true, plaintiff Adams has alleged sufficient facts to state a claim for violation of his constitutional right to freedom of speech.[6]

## V. Conclusion

For the above stated reasons, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The defendants' motion to dismiss is GRANTED as to plaintiff Mason's as-applied claim that the City defendants deprived him of his constitutional rights under the United States and West Virginia Constitutions. The defendants' motion to dismiss is DENIED as to plaintiff Adams's as-applied claim that the City defendants deprived him of the same. The defendants' motion to dismiss is further DENIED as to the plaintiffs' general challenge to the defendants' alleged unwritten policy of excluding speech critical of the defendants' administration of city affairs.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

---

[6]In their reply brief, the defendants even concede that Adams arguably states a claim.

DATED:      March 24, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE