IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY ADAMS and
RALEIGH MASON,

    Plaintiffs,

v.                                          Civil Action No. 5:07CV30
                                                            (STAMP)
CITY OF WELLSBURG and
WAYNE CAMPBELL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT,
DENYING DEFENDANTS' CROSS MOTION FOR
SUMMARY JUDGMENT AS UNTIMELY AND
GRANTING SUA SPONTE SUMMARY JUDGMENT FOR THE DEFENDANTS**

I.  Procedural History

Plaintiffs Jerry Adams ("Adams") and Raleigh Mason ("Mason") commenced this civil rights action against the City of Wellsburg and its mayor, Wayne Campbell ("City defendants") pursuant to 42 U.S.C. §§ 1983 and 1988. In their complaint, the plaintiffs allege that the defendants have an unwritten policy for regulating the content of speech at Wellsburg City Council meetings that is both generally unconstitutional and unconstitutional as applied to them individually. The plaintiffs contend that the defendants violated the First and Fourteenth Amendments to the United States Constitution and Article III, Section 7 of the West Virginia Constitution by preventing or limiting the ability of the plaintiffs and the public to speak at city council meetings. On

April 30, 2007, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to which the plaintiffs responded in opposition and the defendants replied.  On January 14, 2008, the plaintiffs filed a motion for partial summary judgment to which no timely response was filed.

On March 24, 2008, this Court granted the motion to dismiss as to plaintiff Mason's as-applied claim that the City defendants deprived him of his constitutional rights under the United States and West Virginia Constitutions,[1] denied the motion to dismiss as to plaintiff Adams's as-applied claim that the City defendants deprived him of the same, and denied the motion as to the plaintiffs' general challenge to the defendants' alleged unwritten policy of excluding speech critical of the defendants' administration of city affairs.  Following a pretrial conference also held on March 24, 2008, this Court entered an amended scheduling order that provided, among other things, for an extension of time for the defendants to file a timely response to the plaintiffs' motion for partial summary judgment.  On April 14, 2008, the defendants filed a timely response in opposition to the

---

[1] Mason alleged that at an October 10, 2006 meeting of the city council, he was prevented from speaking on the topic of "freedom." Because public bodies may constitutionally confine their meetings to a specific subject matter and because "freedom" was not on the Wellsburg City Council's agenda on October 10, 2006, this Court granted the defendants' motion to dismiss as to plaintiff Mason's as-applied claim. (Mem. Op. and Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss 7-8.)

plaintiffs' motion and also filed a cross-motion for summary judgment. The plaintiffs responded in opposition to the cross-motion for summary judgment, arguing that the motion was untimely, and the defendants filed a reply. The plaintiffs did not file a reply in support of their motion for partial summary judgment.

II. Facts

The Wellsburg City Council, as the governing body of the City of Wellsburg, West Virginia, conducts regular public meetings during which members of the public are permitted to comment on matters of business before the council. As the Mayor of Wellsburg, defendant Wayne Campbell chairs the meetings of the council. Pursuant to Article 121, the ordinance that governs the council, the Wellsburg City Council utilizes the following procedures concerning public requests and comments:

> The Mayor and the City Council of Wellsburg, in accord with the provisions of this Section, seek to run orderly meetings pursuant to the general rules of order as prescribed by Roberts (sic) Rules[2] . . . . To that end, all public comment, whether or not such be in the form of public requests, shall be limited to approximately two (2) minutes[3] or less per person. It is appropriate for the mayor, as chairman of the meeting, to remind those addressing the body of these rules and time limitations

---

[2] It is unclear from the ordinance or from the briefs of the parties what version of Robert's Rules of Order the Wellsburg City Council utilizes.

[3] For the purpose of plaintiff Adams's as-applied claim, the parties agree that the relevant time limitation applicable to him was five minutes.

3

and it is within the Mayor's discretion to further permit extended time frames for comment as necessary.

Article 121.04.

The City defendants also require each person who desires to speak at a city council meeting to sign a roster, prior to the meeting, indicating their name and the subject matter of their proposed speech. During the time relevant to the plaintiffs' complaint, members of the public were allotted five minutes to make their comments. Despite the existence of these procedures providing for public comment, the plaintiffs contend that the defendants have an unwritten policy[4] of regulating speech on the basis of viewpoint.

At a December 13, 2005 meeting of the city council, plaintiff Adams signed the roster indicating his desire to speak in opposition to the sale of the Wellsburg park and swimming pool property. After several other members of the public spoke, the time remaining for the city council meeting was running short. Adams took his turn to speak and addressed the council for several minutes regarding his views about the sale of the pool property.

---

[4]Unwritten policies or procedures can violate the First Amendment the same as written policies or procedures. See Faustin v. City and County of Denver, 423 F.3d 1192, 1196 (10th Cir. 2005) (citing Wells v. City and County of Denver, 257 F.3d 1132, 1150 (10th Cir. 2001); Hawkins v. City and County of Denver, 170 F.3d 1281, 1284 n.2 (10th Cir. 1999)(describing unwritten portion of policy and stating, "The First Amendment applies not only to legislative enactments, but also to less formal government acts, such as city policies.")).

When Mayor Campbell asked Adams to conclude his comments,[5] the following exchange took place:

    <u>Mayor</u>: We only have . . .

    <u>Adams</u>: You only have one meeting a month and you only have 15 minutes to listen to your residents.

    <u>Mayor</u>: We have . . .

    <u>Adams</u>: That is horrible. That is just nasty.

    <u>Mayor</u>: Well that's your opinion.

    <u>Adams</u>: You bet it is. You're darn right it is.

    <u>Mayor</u>: But Jerry, the problem . . .

    <u>Adams</u>: And that, that's part of what's (gavel) wrong.

    <u>Mayor</u>: Listen to me.

    <u>Adams</u>: I'm not listening to you.

    <u>Mayor</u>: I've got the floor right now. That's enough.

    <u>Adams</u>: You listen to us cause I thought I had the floor.

    <u>Mayor</u>: Jake.

    <u>Officer</u>: Yea.

    <u>Mayor</u>: He needs to settle down or be removed. Which one do you want?

    <u>Adams</u>: Remove me.

---

[5] It is unclear exactly what Mayor Campbell said to Adams in asking him to wrap up his comments because six seconds are missing from the videotape of the meeting. However, in his deposition, Mayor Campbell stated that he "told [Adams] that he would have to stop" because "[h]e was going to take up all the time, and nobody else behind him's going to be able to speak." (Dep. of Mayor Campbell 34.)

5

Plaintiff Adams contends that the City defendants cut short his comments and removed him from the council meeting based on the content of his speech and in violation of his free speech rights. The City defendants argue, on the other hand, that Adams's constitutional right to freedom of speech was not violated because he was asked to leave the meeting when his speech became repetitive and disruptive.

### III.  Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that

there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed -- whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A district court may grant summary judgment sua sponte where the losing party has had "a full and fair opportunity" to address the issues involved in the motion. Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985);

7

see also United States Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731 (4th Cir. 1989).

## IV. Discussion

### A. Defendants' Cross Motion for Summary Judgment

The defendants' cross motion for summary judgment is untimely. The amended scheduling order provided for an extension of time for the defendants to respond to the plaintiffs' motion for partial summary judgment. The amended scheduling order did not, however, extend the time for filing of dispositive motions. Therefore, all dispositive motions were required to be filed by January 14, 2008. The defendants did not file their cross motion for summary judgment until April 14, 2008. Accordingly, the defendants' cross motion for summary judgment is denied as untimely and the contents of the motion, response and reply will not be considered herein.

### B. Plaintiffs' Motion for Partial Summary Judgment

Two claims remain pending following this Court's resolution of the defendants' motion to dismiss: (1) plaintiff Adams's and plaintiff Mason's general challenge to the defendants' alleged unwritten policy of excluding speech critical of the defendants' administration of city affairs; and (2) plaintiff Adams's as-applied claim that the City defendants deprived him of his constitutional rights under the United States and West Virginia Constitutions. In their motion for partial summary judgment, the

plaintiffs argue that they are entitled to summary judgment as to both claims on the issue of liability.

First, with regard to their general challenge, the plaintiffs assert that the defendants have an unwritten policy of regulating speech based upon viewpoint and that there is no genuine issue of material fact regarding the existence of such policy.[6] The plaintiffs rely solely on the deposition of Mayor Wayne Campbell to support their argument regarding the existence of an unwritten policy. Following a detailed review of Mayor Campbell's deposition, this Court does not believe that the deposition provides any evidence that the Wellsburg City Council had such an unwritten policy. Mayor Campbell's deposition reveals that the Wellsburg City Council had a policy and practice of limiting the subject of speech to city business and of limiting the time for public comment. Both of these restrictions are constitutionally permissible in a limited public forum.[7] See Hickory Fire Fighters

---

[6] Because this Court concludes that the evidence presented by the plaintiffs is wholly insufficient to create a genuine issue of material fact, it is unnecessary to address plaintiff Mason's standing to assert a general challenge to the alleged unwritten policy.

[7] As this Court has stated previously, city council meetings are considered limited public fora, access to which may be restricted, without violating the First Amendment, by content-neutral conditions regarding the time, place and manner of speech. (Mem. Op. and Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss 4)(citing Rowe v. City of Cocoa, 358 F.3d 800, 802-03 (11th Cir. 2004)(city council meetings are limited public fora); Jocham v. Tuscola County, 239 F. Supp. 2d 714, 728 (E.D. Mich. 2003)("a city council meeting is the quintessential limited public

9

Ass'n v. City of Hickory, 656 F.2d 917, 923 (4th Cir. 1981) (content-neutral conditions regarding the time, place and manner of speech are permissible if they are "drawn with narrow specificity and are no more restrictive than necessary" to serve the governmental interest promoted by the restrictions). Because the plaintiffs have failed to produce sufficient evidence to show that the defendants' have an unwritten policy of regulating speech based upon viewpoint, their motion for summary judgment must be denied. Additionally, because the plaintiffs have failed to provide any factual support for the alleged existence of an unwritten policy, no genuine issue of material fact exists for trial and this court hereby grants summary judgment, sua sponte, in favor of the defendants on this claim. Granting summary judgment sua sponte is appropriate in this case because the plaintiffs had a full and fair opportunity to develop and present the record.

Second, because this Court has concluded that the Wellsburg City Council does not have an unwritten policy of excluding speech critical of the defendants' administration of city affairs, plaintiff Adams's claim that his constitutional rights were violated at the December 13, 2005 meeting fails unless he can show that his viewpoint was censored or that the defendants' restrictions on his speech were otherwise unreasonable. Although a government entity must not discriminate based on viewpoint, such

---

forum")).

an entity "is justified in limiting its meeting to discussion of specified agenda items and in imposing reasonable restrictions to preserve the civility and decorum necessary to further the forum's purpose of conducting public business." Steinburg v. Chesterfield Co. Planning Comm'n, No. 07-1181, slip op. at 12 (4th Cir. May 29, 2008). "[O]fficials presiding over [city council] meetings must have discretion . . . to cut off speech which they *reasonably* perceive to be, or imminently to threaten, a disruption of the orderly and fair progress of the discussion, whether by virtue of its irrelevance, its duration, or its very tone and manner." Collinson v. Gott, 895 F.2d 994, 1000 (4th Cir. 1990).

This Court has reviewed a videotaped recording of the December 13, 2005 meeting as well as a written transcript produced from the videotape and finds that there is insufficient evidence that Adams's speech was limited based upon his desire to express a viewpoint that was critical of the city council. The city council permitted Adams to express his views regarding the sale of the pool property for approximately four minutes before asking him to conclude due to time restrictions. Had the city council intended to censor Adams, it is unlikely that council members would have permitted Adams to speak for four of his allotted five minutes. Moreover, the citizen who spoke immediately prior to Adams, Pamela Harvey, read from a prepared letter that was highly critical of the city council. If, as Adams contends, the city council restricted

11

his speech because of its critical nature, the council would have similarly restricted Ms. Harvey.  The council did not, however, restrict Ms. Harvey's speech.

It is clear from the record that after Adams was warned of time limitations that he became agitated and argumentative.  When Adams raised his voice and began speaking over Mayor Campbell, the mayor asked Adams to "[l]isten to me."  Adams responded "I'm not listening to you."  After Adams refused to listen, Mayor Campbell gave him the option of "settl[ing] down" or being removed.  Adams chose to be removed.  Based on Adams's tone and behavior as evidenced in the videotape, this Court finds that the defendants were within their discretion to cut short Adams's speech.  It was reasonable for the defendants to conclude that Adams's comments and demeanor were becoming a disruption to the orderly progression of the meeting.  Therefore, it was constitutionally permissible for the defendants to cut short Adams's speech.  Because no genuine issue of material fact exists and because the defendants' are entitled to judgment as a matter of law, this Court grants summary judgment, <u>sua sponte</u>, in favor of the defendants and denies the plaintiffs' motion for partial summary judgment as to Adams's as-applied claim.  This Court finds that <u>sua sponte</u> summary judgment is also appropriate on this claim because plaintiff Adams had a full and fair opportunity to present facts and legal argument in support of his claim.

## V. Conclusion

For the above stated reasons, the plaintiffs' motion for partial summary judgment is DENIED and the defendants' cross-motion for summary judgment is DENIED as untimely.  Summary judgment in favor of the defendants is hereby GRANTED sua sponte by this Court.  IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  June 6, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE